1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

10  GREGORY G. SCHULTZ,                        )
                                               )
11              Petitioner,                    )         Case No. 2:10-CV-02149-KJD-LRL
                                               )
12  vs.                                        )
                                               )         ORDER TRANSFERRING CASE
13                                             )
    UNITED STATE OF AMERICA,                   )
14                                             )
                Respondent.                    )
15  _____)

16

17          This matter is before the court *sua sponte* to review petitioner's petition for writ of

18  habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner is incarcerated in the Coleman Low Federal

19  Prison in Coleman, Florida, and is appearing *pro se.*  For the reasons stated below, the petitioner's

20  case shall be transferred.

21          This action on a petition for writ of habeas corpus is brought by a federal inmate

22  housed in a Florida correctional facility.  The interested parties, as identified by petitioner, are all

23  found in Florida.  The conviction being attacked was obtained in the State of Florida.  Petitioner's

24  sole claim to this venue is the fact that he was arrested in Nevada, while there "for business reasons."

25  Petitioner appears to forum shopping to avoid bringing his claims before the U.S. District Court in

26  Florida, which he alleges would "prefer[] to trample on Movant's Federal Constitutional rights..."

1      The petition will be transferred to the United States District Court for the Middle

2  District of Florida.  Nothing in the petition indicates any connection between the Florida respondents

3  and the State of Nevada such that *in personam* jurisdiction could be properly exercised. *Cortez Byrd*

4  *Chips, Inc. v. Bill Harbert Const. Co.,* 529 U.S. 193, 200, 120 S.Ct. 1331, 1337 (2000); *Passantino*

5  *v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 505 (9ᵗʰ Cir.2000).  Furthermore,

6  because the events occurred in Florida and respondents are located there, venue is improper in this

7  district.  28 U.S.C. § 1391(b); *King v. Russell,* 963 F.2d 1301, 1305 (9ᵗʰ Cir.1992); *Flanagan v.*

8  *Shively,* 783 F.Supp. 922, 935 (M.D. Pa., *Aff'd.* 980 F.2d 722 (3ʳᵈ Cir. 1992).

9      Under these circumstances, the petition could be transferred to California under 28

10  U.S.C. § 1406(a); Fed. R. Civ. P. 12(b)(2) and (3) or dismissed.  Accordingly, the petition will be

11  transferred.

12      **IT IS THEREFORE ORDERED** that the Clerk is directed to transfer this case to

13  the United States District Court for the Middle District of Florida.

14      DATED:  January 14, 2011

15

16  _____

17  UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26